**Kathleen A. McCallister**
**Chapter 13 Trustee**
**P.O. Box 1150**
**Meridian, ID 83680**
**(208) 922-5100 - Telephone**
**(208) 922-5599 - Facsimile**
**kam@kam13trustee.com**

### UNITED STATES BANKRUPTCY COURT
### DISTRICT OF IDAHO

| | |
|---|---|
| IN RE: | CASE NO. 18-00702-TLM |
| **KOREY JENI MOELLER** | CHAPTER 13 |
| Debtor(s) | |

### TRUSTEE'S OBJECTION TO DEBTOR'S
### MOTION FOR TURNOVER

NOW COMES Kathleen A. McCallister, the standing Chapter 13 Trustee for the United States Bankruptcy Court for the District of Idaho and as for her Objection to the Debtor's Motion for turnover states as follows:

1. Debtor filed this case on June 1, 2018. A plan was confirmed on January 3, 2019.

2. At the time Debtor filed this case she stated that she owned a 2002 Toyota Tundra worth $7500. She claimed an exemption on said vehicle of $7,000. Debtor listed that there was a lien on the vehicle of $867.15

3. The vehicle was totaled in an automobile accident on or about June 10, 2019. The Due to the bankruptcy proceeding Debtor's insurance company sent a check to Trustee in the amount of $10,508.03. Upon receiving the check, Trustee refunded the exempt portion of $7,000 to Debtor so she could purchase a replacement vehicle.

4. Debtor has subsequently demanded that Trustee turnover the remaining $3508.03. Trustee contends that said funds are property of the bankruptcy estate pursuant to Section 1306 of the bankruptcy code. Since the funds were received post confirmation, they did not revest in the debtor.

5. Although Debtor's confirmed plan requires Debtor to pay her creditors in full, there is a concern as to whether Debtor will have the ability to do so.  Consequently the funds should remain with the Trustee to be paid to the Debtor's unsecured creditors who have not received any funds as of this date.

6. Debtor does not need the additional funds at this time. Based on the fact that her plan would pay all creditors in full over 60 months, Debtor was able to put the sum of $498 per month into a voluntary 401k plan since the filing of this case. Consequently Debtor would have put $498 per month into her voluntary plan for 13 months or a sum of $6474 which she would have available to her if she needed additional income while she is recovering from her injuries. Debtor's 401k plan allows loans and withdrawals.

WHEREFORE, trustee objects to the Debtor's Motion for turnover of property of the bankruptcy estate and should be paid to the unsecured creditors and request that Debtor's motion be denied.

DATED:  August 16, 2019

      /s/  Kathleen McCallister
**Kathleen McCallister, Trustee**

# **CERTIFICATE OF SERVICE**

**I, HEREBY CERTIFY** that on August 16, 2019, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Office of the U.S. Trustee
ustp.region18.bs.ecf@usdoj.gov

Patrick J Geile
Attorney at Law
pgeile@foleyfreeman.com

**AND I FURTHER CERTIFY** that on such date I served the foregoing on the following non CM/ECF Registered Participants in the manner indicated:

Via first class mail, postage prepaid addressed as follows:

Korey Jeni Moeller
2948 N. Springtime Way
Meridian, ID 83646

                                                  /s/ Kathleen McCallister
                                              **Kathleen McCallister, Trustee**